## JOHNSON v. WESTERN INDIANA MINING COMPANY.

[No. 11,608. Filed June 26, 1923. Rehearing denied October 3, 1923. Transfer denied February 1, 1924.]

1. ESTOPPEL.—*Equitable.*—An equitable estoppel arises from the conduct of a party, including his spoken word, his positive acts and his silence when there is a duty to speak, and need not be accompanied by design or fraud. p. 81.

2. PLEADING.—*Demurrer.*—*Truth of Facts Stated.*—In ruling on a demurrer, the facts stated in the pleading must be assumed to be true. p. 82.

3. WORK AND LABOR.—*Extra Compensation.*—*Estoppel to Claim.* —Where an employe of a corporation, who was also a stockholder therein, was paid by check for his services the sum of $125 per month throughout the period of his employment, such check always being accompanied by a separate statement that it was for his salary for the previous month, such checks and accompanying statement being received by him and the checks cashed without objection that they were not in full payment of his salary, and the employe attended meetings of stockholders and the board of directors at which the liabilities of the company were discussed for the purpose of determining whether the company should declare dividends, and, relying on the conduct of the employe, the company did declare dividends to its stockholders, including such employe, the latter was estopped to claim additional compensation, and a demurrer to a paragraph of answer setting up such facts should be overruled. p. 82.

4. TRIAL.—*Directing Verdict.*—*Evidence Considered.*—In passing on a motion for a peremptory instruction, it is the duty of the trial court to accept as true all facts which the evidence tends to prove, and, as against the party requesting such instruction, must draw all inferences which the jury might reasonably draw favorable to the other party, and, if the evidence is conflicting, it is only the evidence which is favorable to the party against whom the instruction was asked that can be considered. p. 83.

5. WORK AND LABOR.—*Action for Additional Compensation.*— *Directing Verdict for Defendant.*—In an action to recover additional compensation for work done, directing a verdict for defendant, *held* error in view of conflicting evidence as to whether amount of salary had been agreed on and as to the belief of the employe in accepting and cashing monthly checks for a certain amount. p. 83.

From Sullivan Circuit Court; *William H. Bridwell*, Judge.

Action by James Johnson against Western Indiana Mining Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*James E. Piety, John O. Piety* and *Charles D. Hunt,* for appellant.

*Frank S. Rawley, John M. Rawley, Hays & Hays, A. C. Owens, W. Paul Stratton, John S. Taylor, W. H. Bridwell* and *G. W. Buff,* for appellee.

REMY, J.—Action by appellant against appellee to recover the reasonable value of services rendered by appellant as general superintendent of appellee's mines from April 1, 1911, to November 1, 1915. The cause came on for trial, and, at the close of the evidence, the court, on motion of appellee, peremptorily instructed the jury to return a verdict for appellee. Alleged errors assigned are: (1) Overruling demurrer to fifth paragraph of answer; (2) overruling motion for a new trial. The only reason for a new trial presented for consideration by this court is the action of the trial court in directing the verdict.

Material averments of the fifth paragraph of answer are, that on April 1, 1911, when appellant entered appellee's employment, he was, and at all times thereafter during the time of his employment continued to be, a stockholder of appellee company; that appellant was paid for his services as such superintendent the sum of $125 per month throughout the period of his employment, such payment being made at the end of each month by check, which check, in each instance was accompanied by a separate statement that it was for appellant's salary for the previous month; that these checks and accompanying statements were received and accepted by appellant, and the checks cashed as they were received; without objection on the part of appellant that the checks were not in full payment of his

salary; that appellant, at divers times during his employment, attended meetings of stockholders and meetings of the board of directors of appellee company, where, in his presence and hearing, lists of the liabilities of appellee were read, and appellant was, during his employment in frequent conference with officers of the company when its assets and liabilities were discussed in detail, but that, at no time in a stockholders' meeting, directors' meeting, in conference with officers, or at any other time, did appellant make any claim that appellee was indebted to him in any sum, or make any demand for salary above the $125 per month, until long after he had left appellee's employment; that, by reason of appellant's conduct, appellee was led to believe, and did believe, that appellant was accepting the monthly checks of $125 in full settlement of his salary; and acting and relying upon this belief, appellee, from time to time during appellant's employment, declared and paid to stockholders large sums of money as dividends; that appellant as a stockholder, with full knowledge of these facts, participated in such dividends; that appellee would not have retained appellant in its employment, and would not have declared and paid dividends, the payment of which was to its injury, if it had known that appellant would claim a salary in excess of $125 per month.

The demurrer to this answer presents the question: Are the facts pleaded sufficient to constitute equitable estoppel? The principle of equitable estoppel

1. rests upon the foundation of justice and fair dealing, and arises from the conduct of a party, using the word "conduct" in its broadest meaning as including his spoken words, his positive acts and his silence when there is a duty to speak. By reason of this principle, a person is concluded not only by what

he does or says, but by the reasonable inferences from his conduct. See 10 R. C. L. 688-698. The estoppel may arise when there is no previous design or fraud. *Anderson* v. *Hubble* (1884), 93 Ind. 570, 47 Am. Rep. 394. In the case of *Dickerson* v. *Colgrove* (1879), 100 U. S. 578, 25 L. Ed. 618, the Supreme Court of the United States in discussing the general subject says: "The vital principle is, that he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." In his treatise on equity jurisprudence, Pomeroy in discussing equitable estoppel says: "It is in conformity with the same principle that parties who have long acquiesced in settlements of accounts or of other mutual dealing are not permitted to reopen or disturb them." 2 Pomeroy Equity Jurp. (2d ed.) §820. Whether the conduct of a person shall operate as an estoppel depends largely upon the facts and circumstances of each particular case. *Lucas* v. *Hart* (1857), 5 Iowa 415; *Beardsley* v. *Foot* (1863), 14 Ohio St. 414, 84 Am. Dec. 405.

Assuming the facts pleaded to be true, as we must in considering the demurrer, it appears that appellant, with full knowledge that appellee was being deceived and misled, and thereby, to its injury, caused to retain appellee in its employment, and to pay dividends to stockholders, including appellant. We hold the facts pleaded in the fifth paragraph of answer constitute the essential elements of estoppel, and that the court did not err in overruling the demurrer.

It is the theory of the complaint, and, on the trial of the cause, appellant testified, that his contract of employment did not fix the amount of his salary, the reasonable value of which was $350 per month. On the other hand, as was specially pleaded by the fourth

paragraph of answer, appellee contended that the contract of employment fixed the salary of appellant at $125 per month, which had been paid. That appellant had received $125 per month continuously during the period of his employment is not controverted by appellant, who testified that the same was received and accepted as a part payment of his salary in the belief on his part that the sum so paid each month was not being received by him in full settlement, and that, from time to time, during the period of his employment, he had so notified appellee, and made claim for additional pay. Appellant also submitted testimony tending to prove that his services were reasonably worth from $350 to $500 per month. Witnesses for appellee testified that appellant agreed to do the work at a salary of $125 per month, and had accepted the monthly payments without objection, and that he at no time protested or made claim for additional pay, and that with each monthly check appellant was given a statement that the check was for salary for the previous month. It will be observed that on the issue presented by the fourth paragraph of answer, the evidence is conflicting.

In passing upon a motion for a peremptory instruction, it is the duty of the trial court to accept as true all facts which the evidence tends to prove, and, 4, 5. as against the party requesting such instruction, must draw all inferences which the jury might reasonably draw. If the evidence is conflicting, it is only the evidence which is favorable to the party against whom the instruction is asked, that can be considered. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Varney* v. *Nat. City Bank* (1923), 80 Ind. App. 598, 139 N. E. 326. It follows that the trial court erred in directing the verdict.

Judgment reversed, with instructions to grant a new trial.